## HENRY S. AYERS

v.

## RACHEL E. HAWKS ET AL.

DEED OF MARRIED WOMAN—ACKNOWLEDGMENT—WAIVER OF HOME-STEAD.—Under the statute in force April, 1871, relating to the acknowledgment of deeds by married women, the homestead right of the wife must appear to have been expressly released by her in the body of the deed, as well as in the certificate of the officer taking the acknowledgment. And where in the body of the deed the release of the homestead right appears to be expressly limited to the husband, the wife will be held not to have relinquished her homestead right by joining in the execution of the deed, though it would be sufficient to release dower.

APPEAL from the Circuit Court of Lee county; the Hon. WILLIAM BROWN, Judge, presiding.

Messrs. W. E. IVES & SON, for appellant; argued that the homestead right was released by the wife, and cited Patterson v. Kreig, 29 Ill. 514; Clubb et al. v. Wise, 64 Ill. 157; Richard et ux. v. Greene, 73 Ill. 54; Vanzant v. Vanzant, 23 Ill. 536.

Mr. A. K. TRUSDELL, for appellees; in support of the judgment below, cited Patterson v. Kreig, 29 Ill. 514; Kitchell v. Burgwin et al. 21 Ill. 40; Boyd v. Cudderback et al. 31 Ill. 113; Vanzant v. Vanzant, 23 Ill. 536; Hutchings v. Huggins, 59 Ill. 33; Richards et ux. v. Greene, 73 Ill. 54.

LELAND J. This was a bill filed by Rachel Hawks, in her own right, and as the next friend of her husband, Benjamin R.

Hawks, to restrain appellant from selling the premises herein-
after described under a trust deed. There was a cross-bill by
appellant against appellee, Rachael Hawks, and her husband,
Benjamin R. Hawks, for the sale of the premises described, to
pay the note secured, out of the proceeds, etc. There was a
prayer for the appointment of a guardian for the husband, who
had become insane since the execution of the deed. It was
alleged in the cross-bill that the husband and wife had executed
and acknowledged the trust deed so as to release the homestead.
The court below decreed that she had not, that as her home-
stead could not be set off, the premises be sold, and one thousand
dollars be paid to her, and the surplus be applied to payment
of costs, and the debt due appellant.

The only question in the case is whether the wife has so exe-
cuted and acknowledged the deed as to release the homestead
right. Whether the wife as next friend of her husband, or in
her own right, was entitled to the one thousand dollars, is a
matter of no moment to appellant. The decree protects him.
The deed is signed by both husband and wife, and is acknowl-
edged by both of them in due form to release the homestead.
As to the wife, the certificate of acknowledgment contains the
following, " and expressly waived and released all right, claim,
benefits, advantage and exemption under any and all home-
stead exemption laws so called."

That portion of the body of the deed which is on this sub-
ject, is as follows: " And the said Benjamin R. Hawks, party
of the first part, hereby expressly *waives* and *releases* any and
all right, benefit, privilege, advantage and exemption, under
and by virtue of any and all statutes of the State of Illinois
providing for the exemption of homesteads from sale on exe-
cution, or otherwise, and especially under the act entitled ' An
act to exempt homesteads from execution,' passed by the Gen-
eral Assembly of the State of Illinois, A. D. 1851, and approved
February 11th, 1851, and an act entitled ' An act to amend an
act to exempt homesteads from sale on execution,' passed by
said Assembly, A. D. 1857, and approved February 17th, A. D.
1857." Immediately following come the covenants of war-
ranty, commencing: " And the said Benjamin R. Hawks, and

Rachel E. Hawks his wife, party of the first part, for them-
selves, their heirs, executors and administrators, *covenant*,"
etc., etc. The deed in the granting clause is as follows: " Now
therefore, the said Benjamin R. Hawks and Rachel E. Hawks
(his wife), party of the first part, *doth* grant, bargain, sell and
convey unto Henry S. Ayres, lot one in block four, in Wymon's
addition to Amboy, &c., together with all and singular the
privileges and appurtenances thereunto belonging."

The court below held that the husband alone had complied
with the statute as to releasing the homestead right.

We have no means of judging whether the name of the wife
was intentionally or accidentally omitted from the body of the
deed, nor whether she appears in the acknowledgment merely
because the form was constructed for wives, and the blanks
were filled by the officer, and that she did not notice particu-
larly that part of the ceremony, or whether she understand-
ingly and deliberately made the acknowledgment.

It would seem that her name was purposely omitted from
the body of the deed, and it may be in anticipation of the fate
which afterwards befell her husband, with the consequent sepa-
ration, he now being at Elgin, hopelessly insane.

The use of the verbs *waives and releases* would indicate in-
tentional exclusion of the wife, not accidental omission to fill
a blank; and yet we find that they both " *doth* grant," and in
the covenants the singular and plural verbs, nouns and pro-
nouns are strangely commingled.

The statute in force at the time of the execution of the deed,
which was April 4th, 1871, was as follows: " And no release or
waiver of such exemption shall be valid, unless the same shall
be in writing, subscribed by such householder, and his wife, if
he have one, and acknowledged in the same manner as convey-
ances of real estate are by law required to be acknowledged," it
being the object of this act to require, in all cases, the signa-
ture and acknowledgment of the wife as conditions to the alien-
ation of the homestead.

This statute is too plain to require any judicial construction
to show that the homestead right of the wife must appear to
have been expressly released by her in the body of the deed, as

well as acknowledged to have been done in the certificate of the officer taking the acknowledgment.    Such are the repeated decisions of our Supreme Court.

In the case of Boyd v. Cudderback et al. 31 Ill. 113, Judge Walker says that the amendatory act of 1857 was adopted to protect the wife against the acts of the husband, that no act of his, until she did what the statute has required, should deprive her and the family of a home.

No case exactly like the present is cited by counsel, nor have we discovered any, but if the release in the body of the deed be expressly limited to the husband alone, it would seem to be self-evident that the wife had not expressly released her homestead right in the deed, and acknowledged that she did so in the acknowledgment, and that these two things not concurring, she has not parted with her homestead right.    The deed and acknowledgment are undoubtedly sufficient to release dower; and if the wife be excluded from the clause in the body of the deed as to releasing the homestead, then the execution was for the purpose of releasing dower; and under the maxim that " the expression of one is the exclusion of another," not for the purpose of releasing the homestead.

Decree affirmed.